UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steven John Gollnick,

                Petitioner,    Case No. 20-11863

v.

                                      Judith E. Levy
                                      United States District Judge

John Christiansen,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Steven John Gollnick, ("Petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas application, Petitioner challenges his conviction for failure to pay child support, Mich. Comp. Laws § 750.165. Respondent filed a motion to dismiss on the ground that this Court no longer has jurisdiction over the case because Petitioner has been released from custody on his failure to pay child support conviction. For the reasons set forth below, the petition for a writ of habeas corpus is denied.

I.  BACKGROUND

Petitioner was convicted of failure to pay child support in the Hillsdale County Circuit Court and was sentenced to probation. Petitioner violated the terms of his probation and pleaded guilty to violating the terms of his probation. Petitioner was sentenced on December 12, 2005, to thirty-two to forty-eight months in prison.

The Michigan Department of Corrections Offender Tracking Information System ("OTIS"), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that Petitioner was discharged from his sentence on his failure to pay child support conviction on August 1, 2009.[1]

On June 15, 2020, Petitioner filed a petition for a writ of habeas corpus, in which he seeks habeas relief from his failure to pay child support conviction. Petitioner has also attached to this petition a form petition in which he appears to challenge his 1997 conviction out of Hillsdale County for attempted first-degree criminal sexual conduct. (ECF No. 1, PageID.11.) OTIS reveals that Petitioner was discharged from that conviction on August 22, 2001. It is not clear whether Petitioner

---

[1] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=258339.

seeks to also challenge that conviction.

## II. DISCUSSION

The Court dismisses Petitioner's case because the Court lacks jurisdiction over the habeas petition due to the fact that Petitioner is no longer in custody for his conviction for failure to pay child support. To the extent that Petitioner is attempting to challenge his 1997 conviction for attempted first-degree criminal sexual conduct, the Court lacks jurisdiction over this conviction because Petitioner has been discharged from that sentence as well.

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired. *Id*. at 492–93; *see also Clemons v. Mendez*, 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The "in custody" requirement is jurisdictional. *See Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018). If a habeas petitioner is not in custody when he files a habeas petition, the Court "may not consider it." *Id*. Because

Petitioner's sentence has expired on his conviction for failure to pay child support as well as his 1997 attempted first-degree criminal sexual conduct conviction, he is no longer in custody on these convictions, thus, this Court lacks subject matter jurisdiction over his habeas petition with respect to these convictions. *See Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001).

Additionally, once a habeas petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render a habeas petitioner "in custody." *Clemons v. Mendez*, 121 F. Supp. 2d at 1102–03. The collateral consequences of a conviction, such as the inability to carry a firearm, engage in certain businesses, hold public office, or serve on a jury are insufficient to satisfy the "in custody" requirement under the habeas statute. *See Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002). Moreover, the fact that Petitioner might still be subject to a civil judgment that requires him to pay child support would be insufficient to satisfy the custody requirement for the habeas statute, because Petitioner's incarceration for failing to pay child support on that judgment has ended and he is not on parole, probation, bail, or any other form of custody. *See Sevier v. Turner*, 742

F.2d 262, 269 (6th Cir. 1984).

Finally, the fact that Petitioner is still in prison for a separate conviction for failure to register as a sex offender does not alter this analysis. A habeas petitioner who has fully served his sentence does not satisfy the custody requirement for that charge merely because he is serving a prison sentence or other restraint on another conviction which is not being challenged in the current habeas petition. *See e.g. Ward v. Knoblock*, 738 F.2d 134, 136–38 (6th Cir. 1984). Because Petitioner is no longer in custody for the conviction of failure to pay child support or the conviction for attempted first-degree criminal sexual conduct, he cannot maintain a habeas challenge against these convictions.

## III.  CONCLUSION

The Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id*.

The Court denies Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner failed to meet the "in custody" requirement for maintaining a habeas action with respect to his

6

conviction or convictions. *See e.g. Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2nd Cir. 2006). The Court denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## IV. ORDER

For the reasons set forth above, the petition for a writ of habeas corpus is denied with prejudice.

It is further ordered that a certificate of appealability is denied and Petitioner is denied leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

Dated: June 15, 2021       s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2021.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ