UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steven John Gollnick,

    Petitioner,   Civil No. 5:20-cv-11863
                                Honorable Judith E. Levy
v.                                   United States District Judge

John Christiansen,            Mag. Judge R. Steven Whalen

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS [16]**

Steven John Gollnick, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court denied on June 15, 2021. (ECF No. 14.) Petitioner has now sent a letter to the Court, which is construed as a motion to amend the petition. (*See* ECF No. 16.) For the reasons set forth below, the motion is DENIED without prejudice to Petitioner filing a new civil rights complaint to bring the claims that he raises in his letter.

Petitioner's letter states that prison officials are failing to treat several of his serious medical conditions. Petitioner requests relief from this Court.

1

Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, including a habeas case, filing a motion to amend is not allowed unless the judgment is set aside or vacated. *See Bishop v. Lane,* 478 F. Supp. 865, 866–67 (E.D. Tenn. 1978); *see also Pitts v. Champion,* 16 F. App'x 975, 977 (10th Cir. 2001). The petition cannot be amended because judgment has been entered in this case.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). However, habeas relief is not available to prisoners whose sole allegations are of mistreatment during their otherwise legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Claims that challenge the conditions of confinement should be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *Id.* A petition for writ of habeas corpus is not the proper vehicle for a prisoner's claim that prison officials have been deliberately indifferent to his medical needs, because release from custody is not generally an available remedy for a deliberate

indifference claim.[1] *See In re Owens,* 525 F. App'x 287, 290 (6th Cir. 2013). Because Petitioner now challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 F. App'x 389, 393 (6th Cir. 2006).

Accordingly, the motion to amend the petition is denied. The denial is without prejudice to Petitioner bringing his medical indifference claims in a new civil rights complaint.

**IT IS SO ORDERED.**

Dated: August 18, 2021          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2021.

s/William Barkholz
Case Manager

---

[1] The Court distinguishes the circumstances set forth and relief sought in Petitioner's letter from the pretrial relief at issue in Court's decision in *Malam v. Adducci,* 452 F. Supp. 3d 643, 650 (E.D. Mich. 2020), as amended (Apr. 6, 2020), where the Court held, "where a petitioner claims no set of conditions would be sufficient to protect her constitutional rights, her claim should be construed as challenging the fact, not conditions, of her confinement and is therefore cognizable in habeas."